SCF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**M-11-865**

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

CRISTOBAL DE LA ROSA-CASTILLO,

               Defendant.  *Federal defenders' appointed*

PRE-ARRAIGNMENT
C O M P L A I N T

(21 U.S.C. §§ 952(a)
and 960)

- - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

      GERARD McMAHON, being duly sworn, deposes and states that he is a Special Agent with Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such.

      Upon information and belief, on or about August 22, 2011, within the Eastern District of New York and elsewhere, defendant CRISTOBAL DE LA ROSA-CASTILLO did knowingly, intentionally and unlawfully import into the United States from a place outside thereof a substance containing heroin, a Schedule I controlled substance.

      (Title 21, United States Code, Sections 952(a) and 960).

      The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant

2

1. On August 22, 2011, defendant CRISTOBAL DE LA ROSA-CASTILLO arrived at John F. Kennedy International Airport in Queens, New York, aboard Jet Blue Flight No. 842 from Santiago, Dominican Republic.

2. Customs Inspectors approached the defendant for a Customs inspection. During that inspection, the defendant stated that he was traveling to the United States to visit his aunt, however, he could not provide a phone number for her. The defendant went on to state that someone he did not know was supposed to be picking him up at the airport. The defendant could not provide a contact number or a name for this individual.

3. Customs officers subsequently determined that the defendant's one-way airline ticket to the United States was purchased the day before. When questioned about the ticket by Customs officers, the defendant indicated that the ticket had been bought by his "friend," however, he could not remember the individual's name.

4. During Customs officers' interview of the defendant and simultaneous inspection of his luggage, the defendant became visibly nervous. At this point, Customs officers considered defendant DE LA ROSA-CASTILLO a possible internal narcotics courier, and provided the defendant with an

facts and circumstances of which I am aware.

3

x-ray consent form, which was read to the defendant. The defendant appeared to understand the contents of the form, and he voluntarily signed it. The defendant was then transported to the medical facility at John F. Kennedy International Airport for an x-ray examination of his intestinal tract. The x-ray was positive for the presence of foreign bodies.

5. The defendant subsequently passed 6 pellets, one of which was probed and tested positive for the presence of heroin.

6. Defendant CRISTOBAL DE LA ROSA-CASTILLO will be detained at the JFK medical facility until such time as he has passed all the pellets contained within his intestinal tract.

WHEREFORE, your deponent respectfully requests that the defendant CRISTOBAL DE LA ROSA-CASTILLO be dealt with according to law.

_____
GERARD McMAHON
Special Agent
Homeland Security Investigations

Sworn to before me this
23rd day of August, 2011

_____
CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK